UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES THOMAS STURDY, <br> d/b/a Fenton Pawn Shop, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF <br> JUSTICE, BUREAU OF ALCOHOL, <br> TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.  4:10CV368 FRB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This action is before the Court on plaintiff's Petition for *De Novo* Judicial Review of Denial of Application of Firearms License (Doc. #1), and defendant's Motion for Summary Judgment directed thereto (Doc. #12).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Charles Thomas Sturdy, d/b/a Fenton Pawn Shop, brings this action pursuant to 18 U.S.C. § 923(f)(3) seeking judicial review of defendant's denial of his application for a federal firearms license.  Defendant is the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE), a law enforcement agency within the United States Department of Justice.

**I.  Background**

On December 20, 2008, plaintiff completed an application to obtain a federal firearms license from the BATFE.  On July 14,

2009, the BATFE issued to plaintiff a Notice of Denial of Application for License. Plaintiff requested a hearing on the Notice of Denial, and an administrative hearing was held October 8, 2009, after which the hearing officer recommended that the denial of plaintiff's application for license be confirmed. On January 5, 2010, the BATFE issued to plaintiff its Final Notice of Denial of Application or Revocation of Firearms License.

Plaintiff filed the instant action in this Court on March 4, 2010, seeking *de novo* judicial review of the agency's adverse decision. Defendant answered plaintiff's Petition for Review on September 3, 2010, and submitted the administrative record upon which the BATFE made its determination. In accordance with the Court's Case Management Order, plaintiff thereafter submitted a brief in support of the claims raised in his Petition for Review. Defendant BATFE responded to the brief and separately filed a Motion for Summary Judgment on plaintiff's claims. Plaintiff responded to defendant's motion and submitted his affidavit in support. No other briefing is before the Court.

With its Motion for Summary Judgment, defendant submitted a Statement of Uncontroverted Material Facts. In his response, plaintiff admitted to all statements of facts as averred by the defendant and submitted a statement of additional facts. Defendant has not responded to or otherwise challenged the additional facts submitted by plaintiff.

## II.  Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The burden of proof is on the moving party to set forth the basis of its motion, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).  Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial.  <u>Id.</u>  The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion.  <u>Celotex</u>, 477 U.S. at 324.

Summary judgment is a harsh remedy and should not be granted unless the movant "has established [its] right to judgment with such clarity as to leave no room for controversy."  <u>New England Mutual Life Ins. Co. v. Null</u>, 554 F.2d 896, 901 (8th Cir. 1977).  The Eighth Circuit has noted, however, that "summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material

fact." City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir. 1988).

"In a proceeding brought under § 923(f)(3), the district court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the administrative hearing." Shawano Gun & Loan, LLC v. Hughes, ___ F.3d. ___, No. 10-2927, 2011 WL 2184273, at *4 (7th Cir. June 7, 2011). An evidentiary hearing is not required where no substantial credibility questions are presented. Id. In the instant case, the material and information before the Court on plaintiff's Petition for Review and defendant's Motion for Summary Judgment show there to be no genuine issues of material fact in dispute. Nor has either party requested an evidentiary hearing on the matter. Inasmuch as the record is complete with respect to the issues raised in this cause, there exist no credibility questions, and the defendant's Statement of Uncontroverted Material Facts and plaintiff's Statement of Additional Facts are not disputed, the undersigned proceeds to determine the issues raised on the record presently before the Court.

### III. Undisputed Evidence on the Motion[1]

1. Plaintiff Charles Thomas Sturdy, d/b/a Fenton Pawn Shop

---

[1] The following undisputed facts are taken from defendant's Statement of Uncontroverted Material Facts (Doc. #14), and plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts and Additional Material Facts (Doc. #18).

("plaintiff" or "licensee"), held a federal firearms license from 1979 to 1997. During this license period, and specifically, in May 1981, a compliance inspection of plaintiff's license was conducted by the BATFE and plaintiff was cited for failure to accurately complete ATF Forms 4473, Firearms Transaction Records ("Form 4473"), on five occasions.

2. In August 1984, a compliance inspection of plaintiff's license was conducted by the BATFE and plaintiff was cited for the transfer of a firearm to an underage person and a prohibited person; failure to account for nineteen firearms missing from inventory with no disposition entered in the licensee's Acquisition and Disposition Book ("A&D Book"); failure to record the disposition of thirty-two additional firearms in the licensee's A&D Book; failure to enter the acquisition of a firearm into the licensee's A&D Book; completing Section A of the Form 4473 for the purchaser; and failure to accurately complete nine Forms 4473. As a result of the compliance inspection, a Warning Letter was sent to plaintiff on October 19, 1984.

3. In November 1988, a compliance inspection of plaintiff's license was conducted by the BATFE and plaintiff was cited for completing Section A of the Form 4473 for the purchaser on twenty-nine occasions; failure to accurately complete thirty-three Forms 4473; and failure to account for five firearms missing from inventory with no disposition entered in the licensee's A&D Book.

As a result of the compliance inspection, a Warning Conference was held with plaintiff on April 13, 1989.

4. In November 1989, a compliance inspection of plaintiff's license was conducted by the BATFE and plaintiff was cited for failure to account for eighteen firearms missing from inventory with no disposition entered in the licensee's A&D Book; failure to completely record the disposition of firearms in the licensee's A&D Book; failure to accurately complete nine Forms 4473; and the transfer of one firearm to a prohibited person.

5. In May 1993, a compliance inspection of plaintiff's license was conducted by the BATFE and plaintiff was cited for transferring three firearms to another licensee without obtaining a certified copy of the transferee's license; failure to record the disposition of firearms within the required time period on three occasions; recording the disposition of a firearm that was found during inspection to still be contained in the actual physical inventory; failure to record in the licensee's A&D Book, on numerous occasions, the name and address of the person to whom the firearm is transferred, or the name and license number of the person to whom transferred if such person is a licensee; and, on fifty-one occasions, for failure to obtain a complete and correct Form 4473 from the transferee and/or failure to examine and note on the Form 4473 a valid identification document prior to the transfer of a firearm. As a result of the violations discovered during the

1993 inspection, BATFE revoked plaintiff's license on June 29, 1994. Revocation of the license was stayed pending plaintiff's appeal of the decision.

6. On February 26, 1997, United States District Judge Catherine D. Perry determined plaintiff's appeal of the BATFE's revocation of his license and found that the violations cited in the 1994 revocation were willful. On October 6, 1997, the Eighth Circuit Court of Appeals affirmed the judgment of the district court, and the revocation of plaintiff's license became final.

7. From 1998 to 2002, plaintiff's daughter, Heather Sturdy, held a federal firearms license from the same location and doing business under the same name as plaintiff's previously revoked license business. In October 2002, a compliance inspection was conducted by the BATFE at Heather Sturdy's licensed premises. Ms. Sturdy was cited for failure to examine and/or completely record on the Form 4473 a valid identification document prior to the transfer of a firearm on twenty-one occasions; failure to record on the Form 4473 the date the National Instant Criminal Background Check System ("NICS") was contacted and/or the response provided on thirteen occasions; and failure to obtain a completed and/or correct Form 4473 prior to the transfer of a firearm on six occasions. As a result of the compliance inspection, Ms. Sturdy surrendered her federal firearms license on October 31, 2002.

8. The inspection of Heather Sturdy's licensed premises

revealed that Charles Thomas Sturdy, the plaintiff here, worked at least two days a week for Ms. Sturdy and that, of the thirty Forms 4473 found to be incorrect and/or incomplete, twenty-four had been completed by plaintiff. Plaintiff failed to examine and record, on twenty-one occasions, the identification information on the Form 4473; on thirteen occasions had failed to record on the Form 4473 the date the NICS was contacted, the initial response received from NCIS, and/or the response received from NCIS after initially receiving a delayed response; and on at least six occasions failed to record on the Form 4473 the type of firearm being transferred, the trade name and address of the licensee, the licensee's federal firearms license number, the transferor's title, and the correct transfer date of the firearm.

    9.    On December 20, 2008, plaintiff completed an Application for Federal Firearms License with the BATFE, which is the subject of the instant litigation. The license for which plaintiff applied authorizes a person to engage in business as a dealer in firearms (including pawn) other than destructive devices, pursuant to Chapter 44, Title 18, United States Code. On July 14, 2009, the BATFE issued to plaintiff a Notice of Denial of Application for License. The denial was based on plaintiff's previous willful violations of the Gun Control Act. Plaintiff timely requested a hearing to review the Notice of Denial, and an administrative hearing was held on October 8, 2009, before a hearing officer.

Testimony and evidence was adduced at the hearing. After reviewing the testimony and arguments made and the documents submitted by the parties, the hearing officer found that plaintiff had violated all of the regulations cited in the Notice of Revocation relating to plaintiff's prior license, and that such violations were willful or plainly indifferent.

    10. On January 5, 2010, upon review of the record developed at the administrative hearing, Williams L. Bowers, Director of Industry Operations for the BATFE, issued findings in which he determined that plaintiff: 1) was familiar with the requirements imposed upon federal firearms licensees; 2) had acted with plain indifference to, or with purposeful disregard of, the requirements of the law and regulations; and 3) did commit the violations as set out in the findings of fact made therein, and that such violations were committed willfully. On that same date, January 5, 2010, the BATFE issued to plaintiff a Final Notice of Denial of Application or Revocation of Firearms License.

    11. Plaintiff served as a rifleman in the United States Marine Corps during the Vietnam War and was awarded two Purple Hearts, and is receiving veterans' benefits for post traumatic stress disorder as a result of such service. Plaintiff's previous license was revoked in 1993, and eighteen years have passed since the last recorded violation occurred in relation to this previous license. Plaintiff is willing to install computer software that

will eliminate the problems as recorded in the earlier violations. The computer system would eliminate documentation errors by requiring the forms to be filled out entirely and completely. Plaintiff can avail himself to formal training provided by BATFE investigators relating to computer programs so as to allow plaintiff to comply with federal firearms rules and regulations.

12. Plaintiff believes his previous violations not to have been willful, but rather were merely typos and bookkeeping errors.

### IV. Discussion

Plaintiff challenges the BATFE's 2010 final determination to deny his license application, pursuant to 18 U.S.C. § 923(f). This Court exercises *de novo* review of the BATFE's decision. 18 U.S.C. § 923(f)(3). The Court is not required to give deference to the agency's findings or conclusions, but may accord them as much weight as the Court believes they deserve in light of the administrative record and the additional evidence submitted. See Shawano Gun & Loan, 2011 WL 2184273, at *5; Morgan v. United States Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives, 473 F. Supp. 2d 756, 762 (E.D. Mich. 2007). The Court's inquiry, however, is confined to whether the agency's decision to deny the application was authorized, that is, whether all of the evidence presented is sufficient to justify the decision to deny the license. Morgan, 473 F. Supp. 2d at 762, and cases cited therein.

The Gun Control Act authorizes the Attorney General to deny an application for a firearms license if the applicant "willfully violated" any provision of the Gun Control Act. 18 U.S.C. § 923(d)(1)(C). A single willful violation of the Act is sufficient to authorize the Attorney General to deny an application for a federal firearms license. <u>Arwady Hand Trucks Sales, Inc. v. Vander Werf</u>, 507 F. Supp. 2d 754, 762 n.11 (S.D. Tex. 2007) (citing <u>Appalachian Res. Dev. Corp. v. McCabe</u>, 387 F.3d 461, 464 (6th Cir. 2004)). The parties do not dispute the existence of the violations which provided the basis for the revocation of plaintiff's previous federal firearms license, including those which were recorded in May 1993 and are set out in paragraph 5, above. Plaintiff claims, however, that such violations were not "willful" but instead were merely typos or bookkeeping errors. For the following reasons, the doctrine of *res judicata* bars review of this claim.

In this cause, the BATFE determined to deny plaintiff's application for a federal firearms license finding that the plaintiff committed the violations as set out in paragraphs 5 and 8, above, willfully. (Deft.'s Exh. C.) The violations set out in paragraph 5 occurred in May 1993 and are the same violations which served as a basis to revoke plaintiff's previous license (<u>see</u> Deft.'s Exh. 8). These same May 1993 violations were likewise those at issue in <u>Sturdy v. Bentsen</u>, No. 4:94CV1472 CDP (E.D. Mo. Feb. 26, 1997). In her Memorandum and Order affirming the

revocation of plaintiff's license, Judge Perry determined the circumstances of such violations to show plaintiff to have "willfully violated the Act," specifically finding that plaintiff "was able to comply with the record-keeping requirements of the Act before May 12, 1993, but simply chose not to do so" and that plaintiff's "history of violating the same provisions that ultimately caused the [BATFE] to revoke his license . . . establishes that he was indifferent to the Act's strict record-keeping provisions[.]"  (Id., Memo. & Order, Doc. #26, pp. 7, 8.)[2] The Eighth Circuit Court of Appeals affirmed Judge Perry's decision, specifically finding that "[g]iven the uncontroverted evidence demonstrating Sturdy's awareness of the legal record-keeping requirements and his repeated failure to follow them, we conclude substantial evidence shows Sturdy's violations were willful."  Sturdy v. Bentsen, 129 F.3d 122 (8th Cir. 1997) (*per curiam*) (table), text in Westlaw, No. 97-1786, 1997 WL 611765, at *2.

Plaintiff's instant claim that the May 1993 violations were not willful violations of the Act was litigated before Judge Perry and the Eighth Circuit, and final judgment was entered on the merits of the claim.  Because the same factual and legal issues were determined in the prior court action, relitigation of the

---

[2]Notably, Judge Perry's determination in Sturdy was based on the same facts, argument and legal issues as those present in the instant cause.

issues previously determined is barred.  See generally Banks v. International Union Electronic, Elec., Technical, Salaried & Mach. Workers, 390 F.3d 1049 (8th Cir. 2004).  As such, this Court is bound by Judge Perry's and the Eighth Circuit's previous determinations that plaintiff's May 1993 violations constituted willful violations of the Act, and plaintiff's claim otherwise is barred.

To the extent plaintiff appears to argue that violations which occurred eighteen years prior to the present application should not be considered in determining his eligibility for a federal firearms license, the undersigned is aware of no statute of limitations or other authority limiting the time period within which the BATFE may consider violations of the Act in its review of an application for a federal firearms license.  Nor does the plaintiff provide any authority to the Court demonstrating that the BATFE is so limited in its review.  A reading of the relevant regulations shows that, upon receiving an application for license, the BATFE must issue the license if, upon "further inquiry or investigation," the applicant is deemed qualified to hold such license.  27 C.F.R. § 478.47(a).  Neither the Gun Control Act, the regulations promulgated thereunder, nor any statutory or other legal authority limits the time frame from which the BATFE may obtain information through its "further inquiry or investigation."  The BATFE was therefore not barred from considering plaintiff's May

1993 willful violations in its determination to find plaintiff not presently qualified to obtain a firearms license. Where an applicant is determined not to be qualified, the Attorney General is authorized to deny the application. 27 C.F.R. § 478.71.

Accordingly, the undisputed evidence presented establishes that the violations which occurred in May 1993 and which provided the basis to revoke plaintiff's previous firearms license constituted willful violations under the Act. Because there is sufficient evidence that plaintiff willfully violated provisions of the Act and its regulations issued thereunder, the Attorney General was authorized to deny his subsequent application for a federal firearms license. Therefore, defendant is entitled to summary judgment on plaintiff's Petition for Review and the claims raised therein.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment (Doc. #12) is granted.

Judgment shall be entered accordingly.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _21st_ day of September, 2011.